RECEIVED

DEC 27 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIAM G. BISHOP                                                                    PLAINTIFF

CV05-2224-S

v.                                          Civil No. 04-1039

JUDGE WALTER

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration

MAG JUDGE HORNSBY

### MEMORANDUM AND ORDER

Pending now on this 1st day of September, 2004, is the Defendant's Motion to Dismiss,

filed herein on May 20, 2004 (Doc. #7 & 8). Plaintiff responded on June 1, 2004 (Doc. #11).

By Order entered May 10, 2004, this matter was referred to the undersigned for the conduct of

further proceedings and the entry of judgment, in accordance with the consent of the parties

(Doc. #4).

On April 8, 2004, the plaintiff filed his Complaint in the United States District Court,

seeking *de novo* judicial review of the decision of the Commissioner of the Social Security

Administration (hereinafter "Commissioner"), denying his applications for disability insurance

benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI").

The plaintiff filed his applications on July 3, 2002.

Defendant seeks dismissal of this action on the grounds that it is barred by *42 U.S.C.*

*§405(g)*, in that "the instant action was not filed within the statutory time limitation of sixty

days following the Commissioner's mailed notice to Plaintiff that his request for review was

denied...and therefore, this Court is without jurisdiction over this action." (Doc. #7, p. 1).

Specifically, the Commissioner states:

On January 23, 2004, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. The January 23, 2004, action by the Appeals Council rendered the ALJ's decision the "final decision" of the Commissioner, giving rise to judicial review within 60 days of receipt. Thus, based on the [January] 23, 2004 date, to be considered timely, Plaintiff must have commenced his civil action on or before March 28, 2004 (this date includes an additional five workdays for mailing). Instead, Plaintiff filed a civil action in the United States District Court for the Western District of Arkansas on April 8, 2004.

(Doc. #8, p. 1).

The plaintiff, however, contends as follows:

In fact, on March 22, 2004 the Plaintiff mailed his complaint along with the cover sheet, summonses and a check for $150 filing costs. (see attached Exhibit "A") On March 30, 2004, Plaintiff's counsel mailed to the clerk and (sic) Application to Proceed In Forma Pauperis, Supporting Documentation and Order. (See Exhibit "B") The clerk notes that the Application to Proceed In Forma Pauperis, Supporting Documentation and Order was received on April 2, 2004. (See Exhibit "D") On April 7, 2004 the United States Magistrate signed the Order to Proceed "in forma pauperis" and directing the clerk to file the Complaint. (See Exhibit "C")

It is clear that the Plaintiff did in fact mail the Complaint to the clerk on March 22, 2004. The normal mail time between Jonesboro and El Dorado is two (2) days.

Any time beyond two (2) days is extraordinary and the Plaintiff should not be penalized by an extraordinary delay by the United States Postal Department.

(Doc. #11).

The undersigned notes that in the normal course of conducting business, the district clerk does not mark "received on ___(date)___", on a Complaint that is submitted for filing with the filing fee enclosed. On the other hand, a Complaint submitted in conjunction with an in forma pauperis (hereinafter "IFP) application is so designated. Accordingly, because the plaintiff's Complaint was originally submitted for filing along with a check in the amount of the fee, the clerk did not note the exact date the Complaint was received in her office, as she would

-2-

have, in the normal course of business, file-marked and docketed the pleading on that same date. Notice to the clerk that an IFP application was forthcoming, and the concomitant request that the check in the amount of the filing fee not be tendered, would cause the Complaint to be held by the clerk, without a marked receipt date and without filing, pending receipt of the IFP application. Here, once the IFP application was received, it was then marked as such on April 2, 2004 (Doc. #2).

Plaintiff has attached exhibits evidencing a mailing date of the Complaint of March 22, 2004. Accordingly, based upon the proceedings in the normal course of conducting business in the district clerk's office, the undersigned finds that the defendant's Motion to Dismiss is without merit. Thus, the Commissioner's Motion to Dismiss (Doc. #7), should be and hereby is denied.

IT IS SO ORDERED.

HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

U. S. DISTRICT COURT
ESTERN DISTRICT ARKANSAS
FILED

SEP 0 7 2004
CHRIS R. JOHNSON, CLERK

DEPUTY CLERK

-3-

AO 72A
(Rev. 8/82)